```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ROBERT WORRELL,**

          **Plaintiff,**

                                       CIVIL ACTION
    **vs.**                                    No. 07-3117-SAC

**L.E. BRUCE, et al.,**

          **Defendants.**

### ORDER

By an order entered on October 30, 2007, the court directed plaintiff to clarify his second amended complaint by providing specific factual support for his claims. Plaintiff filed two responses (Docs. 19 and 21) and three motions to introduce evidence (Docs. 20, 22, and 23). Also pending before the court are plaintiff's motion for trial by jury and jury selection (Doc. 13), motion for relief (Doc. 16), and motion for evidentiary hearing (Doc. 17).

Plaintiff's motion for relief contains a list of his requests for relief in this action. The court construes this as a motion to supplement the complaint and grants that request.

The court also grants the motions to introduce evidence and has examined the plaintiff's evidentiary submissions and

responses.

The court's order of October 30, 2007, construed Count 1 of the plaintiff's complaint as alleging a violation of his rights to due process and equal protection and a claim of cruel and unusual punishment. The claims arise from being denied an opportunity to file a police report and being denied an examination by a physician after he received care for a head wound and was placed in segregation. The court's previous order directed plaintiff to identify when these events occurred, and plaintiff's response states the events occurred in September 2003. (Doc. 19, p. 2.)

This matter was filed pursuant to 42 U.S.C. § 1983. In Kansas, an action brought pursuant to § 1983 is subject to a two-year statute of limitations. *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006); *Hamilton v. City of Overland Park, Kan.*, 730 F.2d 613, 614 (10th Cir. 1984)(as Congress did not set a statute of limitations for § 1983, claims under § 1983 claims are characterized as actions for injury to the rights of another; the Kansas statute of limitations for such an action is two years); Kan. Stat. Ann. § 60-513(a)(4)("action for injury to the rights of another" shall be brought within two years).

Because plaintiff commenced this action in May 2007, his

claim arising in 2003 is not timely and must be dismissed.

The court construed Count 2 of the complaint to allege that plaintiff was subjected to unconstitutional conduct when he was required to use stairs. Plaintiff was directed to identify the participants in this alleged violation and when it occurred. In response, plaintiff states the events occurred in February 2005. (Doc. 19, p. 2.)

As set forth above, this matter was commenced in May 2007. Thus, because this claim was not presented within the two-year limitation period, the claim must be dismissed as untimely.

The court construed Count 3 of the complaint to allege an unconstitutional denial of access to medical appointments and the prison law library. Plaintiff was directed to clarify the specific events, when they occurred, and who participated in the alleged deprivations. In response, plaintiff states:

> One will find that this information was filed with this civil complaint as evidence for case no. 07-3117-SAC, under the heading of: LANSING CORRECTIONAL FACILITY ATTACHMENTS.
>
> This grievance clearly states, the name of the person who denied the plaintiff access to the law library, Sargent Avery, the time that this incident took place, 1:50 P.M., as well as any other information that the court may be seeking. (Doc. 19, p. 2.)

3

As a pro se litigant, plaintiff is entitled to a liberal construction of his pleadings. However, the court must require the plaintiff to present his claims in a reasonably clear manner and cannot act on his behalf. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)("[W]e, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for [her].").

Nevertheless, the court has examined the record but has not located any materials which suggest that plaintiff could construct a viable claim for relief. First, the grievances supplied by the plaintiff show that he was not able to visit the prison law library at each time he wished to do so. (Doc. 21 and attachments.) However, in order to state a claim based upon a denial of access to the courts, plaintiff must make a greater showing than an occasional impediment to library access.

It is settled "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This principle requires meaningful,

4

not unlimited, access.  *Id*. at 823.

Under the *Bounds* decision, prison authorities are required only to provide the resources needed for inmates "to attack their sentences, directly or collaterally ... [or] to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey,* 518 U.S. 343, 355 (1996). Thus, to pursue a claim of denial of access to the courts, a prisoner must demonstrate that prison officials impaired his ability to pursue a nonfrivolous legal claim. *Id.* at 351. *See Treff v. Galetka,* 74 F.3d 191, 194 (10th Cir. 1996)(a prisoner "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Because the materials supplied by the plaintiff (Doc. 21 and attachments) identify no more than an occasional denial of access to the prison law library, the court concludes his claim of a denial of access to the courts may be summarily dismissed for failure to state a claim for relief.

Plaintiff also appears to assert that he was denied constitutionally adequate medical care. Prison officials violate the Eighth Amendment when they act with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429

U.S. 97, 104 (1976). Under this standard, however, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006)(quotation omitted). Likewise, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.

The grievance materials submitted by the plaintiff in support of his claim (Doc. 22 and attachments) show plaintiff requested to see a different physician and sought other medications in addition to requests for refills of prescription medication. Such requests, however, do not suggest deliberate indifference but rather a difference of opinion concerning the appropriate treatment. Plaintiff's dissatisfaction with the treatment rendered is not sufficient to state a claim of unconstitutional conduct.

## Conclusion

For the reasons set forth, the court concludes the plaintiff's allegations are insufficient to state an actionable claim. Accordingly, this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for relief (Doc. 16) is construed as a request to supplement the

complaint with a statement of relief sought and is granted.

IT IS FURTHER ORDERED plaintiff's motions to introduce evidence (Docs. 20, 22, and 23) are granted.

IT IS FURTHER ORDERED plaintiff's motion for trial by jury and jury selection (Doc. 13) and motion for hearing (Doc. 17) are denied as moot.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 5th day of February, 2008.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge